IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ABBELLA GROUP HEALTHTECH,** | * | |
| **LLC d/b/a ABBELLA MEDICAL** | * | |
| **STAFFING,** | * | |
| | * | |
| *Plaintiff*, | * | |
| | * | |
| v. | * | Civil Case No: 1:24-cv-00331-JMC |
| | | |
| **QUALIVIS, LLC, et al.,** | | |
| | * | |
| *Defendants.* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO SEAL

Presently pending before the Court is Defendants' jointly filed Motion to File Under Seal Defendants' Exhibits to Memorandum in Support of Motion to Dismiss Plaintiff's Third Amended Complaint. (ECF No. 71). The motion is unopposed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). As set forth immediately below, Defendants' Motion to Seal shall be GRANTED.

Defendants move to seal four exhibits attached to their memorandum: the Chesapeake Registry Program Personnel Agreement (Exhibit 1), the Special Emergency Personnel Agreement (Exhibit 2), the Subcontracting Agreement for Healthcare Professionals (Exhibit 3), and the Client Term Sheet (Exhibit 4). *Id.* Defendants note that all four exhibits contain confidentiality provisions that prevent Defendants from filing them on the public docket, and explain filing the documents in the public record would constitute a breach of the agreements and subject Defendants to monetary damages and/or a suit for injunctive relief. *Id.* Additionally, Defendants aver the documents contain propriety information that they consider commercially sensitive. *Id.*

A district court may only "seal documents if the public's right of access is outweighed by

competing interests," and "the 'presumption' in such cases favors public access." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1988)). Accordingly:

> Before a district court may seal any court documents…it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Id.* (first citing *Knight*, 743 F.2d at 235-36; then citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988)). This procedure "*must* be followed when a district court seals judicial records or documents." *Id.* (emphasis added) (quoting *Stone*, 855 F.2d at 179-80, 182). A motion to seal must also comply with Local Rule 105.11, which provides:

> Any motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection. The Court will not rule upon the motion until at least fourteen (14) days after it is entered on the public docket to permit the filing of objections by interested parties. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials. Upon termination of the action, sealed materials will be disposed of in accordance with L.R. 113.

Loc. R. 105.11 (D. Md. 2023).

Based on an independent review of the exhibits Defendants seek to seal, the Court concludes that they contain confidential and potentially commercially sensitive information which warrants sealing. *Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (affirming decision to seal documents containing "confidential, proprietary, and commercially sensitive information."). Redacting portions of the exhibits will not be sufficient because "sensitive information pervades in these documents" and there is thus no less restrictive alternative to sealing. *Maxtena, Inc. v. Marks*, No. DKC 11-0945, 2013 WL 12328065, at *3 (D. Md. Mar. 29, 2013)

(citing *U.S. Home Corp. v. Settlers Crossing, LLC*, No. DKC 08-1863, 2012 WL 6019293, at *2 (D. Md. Nov. 30, 2012)). Finally, the procedures outlined in Local Rule 105.11 have been met: Defendants' motion includes specific factual representations to justify sealing and an explanation of why alternatives to sealing do not provide sufficient protection, and fourteen days has passed since Defendants' motion was filed on the public docket. *See* Loc. R. 105.11 (D. Md. 2023).

Accordingly, it is hereby ORDERED that Defendants' Motion to File Under Seal Defendants' Exhibits to Memorandum in Support of Motion to Dismiss Plaintiff's Third Amended Complaint, (ECF No. 71), is GRANTED. Exhibits 1-4, (ECF No. 73), shall remain SEALED.

/s/
J. Mark Coulson
United States Magistrate Judge
June 25, 2025