**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ABBELLA GROUP HEALTHTECH, LLC d/b/a ABBELLA MEDICAL STAFFING,** | * * * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No: 1:24-cv-00331-JMC |
| **QUALIVIS, LLC, et al.,** | * | |
| *Defendants*. | | |

* * * * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Abbella Group Healthtech, LLC, doing business as Abbella Medical Staffing ("Abbella"), initiated the present lawsuit on February 1, 2024 against Qualivis, LLC, Aya Healthcare, Inc., and Chesapeake Registry Program, Inc.[1] (ECF No. 1). On September 15, 2025, this Court issued its Memorandum to Counsel Concerning Discovery, outlining a streamlined process that would govern discovery disputes instead of the somewhat more unwieldy process outlined in Local Rule 104.8. (ECF No. 82). Subsequently, discovery disputes apparently arose between the parties. Notwithstanding this Court's prior direction to counsel, on July 22, 2026, Qualivis filed a notice pursuant to Local Rule 104.8, which included nearly two-hundred pages of documents for the Court's consideration setting forth the parties' respective positions.[2] (ECF No. 99). Rather than striking that filing as violating its earlier directions on discovery disputes or directing the parties to re-file in compliance with those directions, the Court recognized that the parties had already prepared the filing presumably setting forth their respective positions, and

[1] Chesapeake Registry Program has been terminated as a Defendant.

[2] Local Rule 104.8 specifies that prior to filing with the Court, the parties should exchange papers with each other and attempt to resolve their dispute prior to filing those papers with the Court. Thus, the filing included Qualivis' Motion to Compel, Abbella's Opposition, and Qualivis' Reply, together with their respective exhibits.

instead considered the request for judicial intervention as the parties presented. In a Memorandum Opinion and Order dated July 28, 2026, the Court made various discovery rulings based on that filing. (ECF No. 100).

Presently pending before the Court is Qualivis's Motion for Reconsideration, arguing now that one filing included in the notice, Abbella's own argument seeking outstanding discovery responses from Qualivis, was unripe for judicial review. (ECF No. 101). The motion has been fully briefed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth herein, Qualivis's Motion is GRANTED.

## I. BACKGROUND

In a Memorandum Opinion and Order dated July 28, 2026, the Court granted in part and denied in part Qualivis's Motion to compel and granted Abbella's request that Qualivis be ordered to produce additional requested documents. Qualivis now argues that this latter ruling was premature, in that Qualivis had reserved the right to serve a separate brief in opposition to Abbella's request. (ECF No. 101-1 at 1-2).[3] Specifically, Qualivis points the Court Footnote 1 on page 165 of its filing containing its Reply Brief, which reads:

> Abbella's Cross-Motion regarding CRP Portal discovery is an attempt to deflect from the arguments and relief requested in Defendants' Motion. Abbella raised the CRP Portal issue for the first time in its counsel's June 19, 2026 email, and its Cross-Motion was filed before Abbella even requested a meet-and-confer under Federal Rule of Civil Procedure 37(a)(1) and Local Rule 104.7. **Defendants are serving a separate Memorandum in Opposition addressing the Cross-Motion and therefore do not address it here**, **except to note that Defendants believe any Portal issues are moot**. More importantly, it has no bearing on Abbella's independent obligation to identify and produce the documents forming the basis of its own $5,275,458.99 claims and cure the other deficiencies identified in Defendants' Motion.

[3] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. If there are none, the Court is referring to the page number of the PDF.

(ECF No. 99-19 at 3).

Qualivis argues "[a]n order that *ex parte* resolves an unripe, unbriefed motion and compels unclear obligations on the non-movant—who never had a chance to respond—is the 'misapprehension of the record' and 'manifest injustice' that reconsideration exists to correct." Thus, Qualivis asks the Court to vacate the portion of the Court's July 28, 2026, Memorandum Opinion and Order compelling them to make any additional production on the issue Abbella raised. The characterization of the Court's order as *ex parte* is somewhat confusing, as Qualivis is the party who filed the Local Rule 104.8 notice and its accompanying papers (including its motion to compel, Abella's Opposition wherein it makes its request, and Qualivis' reply). Be that as it may, the Court agrees that it did not fully appreciate Footnote 1 and Qualivis' intention to potentially file an opposition noting that it had, in fact, already produced the documents Abbella sought.

Now emphasizing that the entire issue is still moot (a position with which Abbella now apparently agrees), Qualivis urges that the Court's portion of its July 28, 2026 Order compelling them to make any additional production amounted to manifest injustice because it misapprehended Qualivis's position.

## II. STANDARD OF REVIEW

Under Rule 54(b), a "district court retains the power to reconsider and modify its interlocutory judgments … at any time prior to final judgment when such is warranted." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 256 (4th Cir. 2018). However, "the discretion afforded by Rule 54(b) is not limitless" and "is subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Id.* at 256-57. Accordingly, an interlocutory order "may only be amended to account for '(1) a subsequent trial producing substantially different

evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice."' *Taylor v. Edwards*, Civil No. RDB-19-1404, 2019 WL 7037957, at *1 (D. Md. Dec. 20, 2019).

Although "the precise standard governing a motion for reconsideration of an interlocutory order is unclear, ... [c]ourts frequently look to the standards articulated in Federal Rules of Civil Procedure 59(e) and 60(b) for guidance in considering such motions." *Butler v. Directsat USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015). Notably, however, "neither Rule 60(b) nor 59(e)" permits "reconsideration of already-argued issues." *Moore v. Lightstorm Ent.*, Case No. RWT-11-3644, 2013 WL 4052813, at *4 (D. Md. Aug. 9, 2013); *see also Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001) ("It is improper to use such a motion to ask the Court to rethink what the Court had already thought through — rightly or wrongly."). Accordingly, when a motion for reconsideration under Rule 54(b) "merely requests the district court to reconsider a legal issue or to change its mind, relief is not authorized." *Poling v. Marschik*, Case No. RWT 12-CV-454, 2015 WL 7076696, at *1 (D. Md. Nov. 13, 2015) (internal quotation omitted); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Case No. DKC 10-3517, 2011 WL 6837656, at *2 (D. Md. Dec. 28, 2011), *aff'd sub nom,* 526 F. App'x 255 (4th Cir. 2013) (denying plaintiffs' motion for reconsideration because "they seek either to relitigate the same issues addressed by the opinion deciding the motions to dismiss or introduce new arguments that they failed to raise previously"). "Were it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court — not to mention its patience." *Potter*, 199 F.R.D. at 553.

## III. ANALYSIS

Qualivis's Reply brief clarifies that it is not claiming any particular prejudice, as the parties both agree that the productions at issue have been made. Nonetheless, the Court's prior order is

mistaken to the extent it failed to afford Qualivis an opportunity to more fully articulate its position that any responsive documents had been produced, thus mooting the issue. It is appropriate therefore for the Court to correct this mistake.

## IV. CONCLUSION

For the reasons stated, it is this 26th day of August 2026, by the United States District Court for the District of Maryland, hereby ordered that the Motion for Reconsideration (ECF No. 101) is GRANTED. The Court's July 28, 2026 Memorandum Opinion and Order is hereby AMENDED to reflect that Qualivis made the outstanding productions as ordered therein, as agreed by the parties, and mooting that portion of the Court's opinion compelling any further production by Qualivis as to the issues raised by Abella within ECF No. 99.

SO ORDERED.

Dated: August 26, 2026

/s/
J. Mark Coulson
United States Magistrate Judge